GUBELMAN PUBLISHING COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT, v. GEORGE I. RYERSON, DEFENDANT-APPELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the plaintiff-respondent, *Blanchard & Carey*.

For the defendant-appellant, *Algernon T. Sweeney*.

PER CURIAM.

The case comes before us on an appeal by the defendant from a judgment against him and in favor of the plaintiff in the sum of $2,915.38 entered upon a jury verdict in the Essex Circuit. The refusal of the trial court to nonsuit the plaintiff is properly before us. All of the other grounds, either because of failure to except, absence of particularity in the ground itself or because the ground stated is not cognizable on appeal, are faulty. We shall consider only the court's refusal to nonsuit.

The action was for deceit, and the deceit alleged in the complaint is that from April 1st, 1925, when the plaintiff began paying the defendant a weekly salary of $50, together with the exclusive use of an automobile furnished and maintained by the plaintiff, to August 16th, 1929, when defendant was discharged, defendant fraudulently and deceitfully represented to the plaintiff, intending that plaintiff should rely thereon, that the defendant was devoting his full time and best efforts exclusively for the benefit and service of the plaintiff and fraudulently and deceitfully continued to ask for, obtain and receive from the plaintiff $50 weekly, the plaintiff believing and relying upon the said fraudulent and deceitful representations. This really involves a multitude of transactions occurring weekly throughout a period of more than four years. However, no point is made of that situation, nor is

there an objection running thereto. Plaintiff is engaged in the business of job printing, and defendant was employed by the plaintiff as a salesman and solicitor of business.

As the evidence stood at the time of the motion for nonsuit it was open to find that the employment was on a weekly basis; that so early as eighteen months before the defendant was discharged plaintiff distinctly stated to the defendant that the latter's employment was with the understanding that the defendant was to represent the plaintiff and none other in the procuring of business; that defendant was then, had theretofore been, and thereafter continued to be, engaged in procuring business for other printing establishments than that of the plaintiff; that items of such outside business were proved together with the character and cost of the same; that the plaintiff, had it received the business otherwise placed, would have made a gross profit thereon of twenty per centum; that defendant had sought to change the terms of the employment so that he might thereafter be at liberty to serve others than the plaintiff but that the plaintiff had emphatically refused to consent to that arrangement; that the defendant, knowing that he was employed upon the above mentioned condition of exclusive service, not only concealed the fact of his activities contrary thereto but, when charged therewith, denied the same; that nevertheless defendant each week demanded and received the weekly salary and at all times had exclusive use of an automobile provided and maintained by the plaintiff.

We think that the acceptance by the defendant or the plaintiff's terms of employment was, under the circumstances of the case, a representation that the defendant would comply therewith. Particularly with respect to the theory upon which the action was brought and to the allegations of the complaint, the proofs would sustain a finding that the defendant did, in and by his weekly demand for salary, represent that he had served the plaintiff exclusively during the period for which each demand was respectively made; that on certain of those occasions this representation was, to the knowledge of the defendant, false, that the false representations were made by the defendant with the intention that the plaintiff should act

thereon and that the plaintiff did believingly act thereon to its damage. And that is actionable fraud. *Kosobucki* v. *McGarry,* 104 *N. J. L.* 65.

The defendant gave two grounds to sustain his motion; first, that there was no evidence of fraud and deceit and, second, that there was no proof of damage. We are not concerned on this appeal with the amount of the verdict. We are concerned only with the question whether there was evidence sufficient to go to the jury on the points presented. Inasmuch as we find that there was such evidence, it follows that the court properly refused the motion for nonsuit and that the judgment below should be affirmed.

*For affirmance*—TRENCHARD, PARKER, LLOYD, CASE, BROGAN, HETFIELD, KERNEY, JJ. 7.

*For reversal* — THE CHANCELLOR, BODINE, DONGES, HEHER, KAYS, WELLS, JJ. 6.